■ Louis L. ROSENBERG, Respondent, v. JOSEPH RAE, Appellant, et al., Defendants. JOSEPH RAE, Third-Party Plaintiff-Appellant, v. THEODORE BLATT, Third-Party Defendant-Respondent.— In an action to foreclose a mortgage upon real property, in which the defendant Rae asserted certain counterclaims and instituted a third-party action, the said Rae, as a defendant and third-party plaintiff, appeals from a judgment of the Supreme Court, Kings County, entered September 1, 1964 upon the court's opinion-decision confirming the report of a Special Referee after a nonjury trial before him, which directed foreclosure and sale as demanded in the complaint; awarded plaintiff's attorney counsel fees, and dismissed said Rae's counterclaims and third-party complaint. Judgment reversed on the law, without costs, and new trial granted. No questions of fact have been considered. Under the circumstances disclosed by this record, it was an improvident exercise of discretion to refuse to grant appellant a reasonable adjournment. It was also error for the Special Referee to telephone to the office of a prospective witness and to request said witness to communicate by telephone with the Referee, which the witness did, for the purpose of ascertaining what the witness knew about the pending litigation. In view of these errors, we have concluded that, as a matter of law and in the interests of justice, a new trial is required. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ ROLA REALTY COMPANY, Appellant, v. ISAAC SPIEGELMAN, Doing Business as CARRIAGE CORNER, Respondent.— In an action in the nature of ejectment, in which the defendant asserted a counterclaim for reformation of the lease between the parties, the plaintiff appeals from so much of a judgment of the Supreme Court, Kings County, entered December 10, 1964 after a nonjury trial, upon the court's decision, as dismissed the complaint (and the summary dispossess proceeding consolidated therewith) and taxed costs against the plaintiff in the sum of $170. Judgment, insofar as appealed from, reversed on the law and the facts, without costs, and the action remitted to the Trial Term for further proceedings consistent herewith. Findings of fact inconsistent herewith are reversed, and new findings are made as indicated herein. The lease demises to the tenant (the defendant) two stores on the premises " and so much of the basement thereunder ". This language, describing the area demised, is susceptible of no other interpretation than that it granted possession to the tenant of only that part of the basement directly beneath the stores in question. Although the evidence indicates a contrary intention, where the preliminary negotiations are consummated by a written agreement the writing supersedes all previous understandings and the intent of the parties must be ascertained from the lease. There was no mutual mistake between the parties herein requiring reformation. The plaintiff purchased the premises during the effective period of the lease and had a right to rely on the terms of said lease, as set forth therein. If there was mistake here, it was between defendant and the plaintiff's predecessor. Moreover, plaintiff when he purchased the premises informed defendant that he was not entitled to the entire basement. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.